IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DRYWALL TAPERS, FINISHERS & ALLIED WORKERS, LOCAL UNION 1944,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>TNT PLASTERING & STUCCO, LLP,<br><br>          Defendant. | CIVIL NO. 13-00238 DKW-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY TNT PLASTERING & STUCCO, LLP'S MOTION FOR ATTORNEYS' FEES AND GRANT IN PART AND DENY IN PART TNT PLASTERING & STUCCO, LLP'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO DENY TNT PLASTERING & STUCCO,
LLP'S MOTION FOR ATTORNEYS' FEES AND TO GRANT IN PART AND
DENY IN PART TNT PLASTERING & STUCCO, LLP'S BILL OF COSTS[1]

          Before the Court is TNT Plastering & Stucco, LLP's

("TNT LLP") Motion for Attorneys' Fees ("Motion") and Bill of

Costs, filed on December 23, 2013.  See ECF Nos. 38, 39.

International Union of Painters and Allied Trades, Drywall

Tapers, Finishers & Allied Workers, Local Union 1941 ("Union")

filed its Objection to the Bill of Costs on December 30, 2013,

and its Opposition to the Motion on January 6, 2014.  ECF Nos.

46, 48.  TNT LLP filed its Reply on January 20, 2014.  ECF No.

49.  The Court found these matters suitable for disposition

---

[1]  Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

without a hearing pursuant to Rule 54.3(f) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After careful consideration of the Motion, the Bill of Costs, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be DENIED and the Bill of Costs be GRANTED IN PART AND DENIED IN PART.

<u>BACKGROUND</u>

The Union initiated this action in the First Circuit Court of the State of Hawaii on March 28, 2013, seeking confirmation under Hawaii's Revised Uniform Arbitration Act ("HAA") of an arbitration decision entered by the Joint Industrial Committee against TNT LLP and in favor of the Union. ECF Nos. 1-2, 1-3.  TNT LLP removed this action asserting federal jurisdiction under the Labor Management Relations Act ("LMRA"). ECF No. 1 ¶ 6.  TNT LLP filed a motion to vacate and the Union filed a motion to confirm the arbitration decision.  ECF Nos. 6, 13.

On November 27, 2013, after a hearing on the motions, the district court granted TNT LLP's motion to vacate and denied the Union's motion to confirm.  ECF No. 36 ("November Order"). The court noted that because the labor agreements at issue did not specify any particular set of standards for arbitration, there was no "clear intent to overcome the presumption favoring the [Federal Arbitration Act ("FAA")] standard for judicial

2

review of an arbitration decision."[2]  Id. at 9 (citing Donnelly
v. Jewel of Kahana, LLC, Civ. 12-00347 HG-KSC, 2013 WL 1337134,
at *8 (D. Haw. Mar. 28, 2013)).  The district court held that the
arbitration panel exceeded its powers and therefore the
arbitration award should be vacated under the FAA, 9 U.S.C.
§ 10(a)(4).  ECF No. 36 at 13, 16.  The present Motion and Bill
of Costs followed.

<u>ANALYSIS</u>

**A.   Attorneys' Fees**

TNT LLP requests that the Court award attorneys' fees
under two alternative bases:  (1) Hawaii Revised Statutes Section
658A-25 and (2) pursuant to the court's inherent powers and the
bad faith exception to the LMRA.  ECF No. 38-1 at 7-15.

**1. Hawaii Revised Statutes Section 658A-25**

First, TNT LLP seeks an award of attorneys' fees under
Hawaii Revised Statutes Section 658A-25, which provides that the
prevailing party may recover attorneys' fees in a judicial
proceeding seeking to vacate an arbitration award under Hawaii
Revised Statutes Section 658A-23.  See Haw. Rev. Stat. §§ 658A-

---

[2] In its motion to vacate, TNT LLP asserted that the FAA,
not the HAA, governed the court's review of the arbitration
decision.  ECF No. 6-1 at 16-17.  Although the Union's motion to
confirm was made with reference to the HAA, (see ECF No. 13), TNT
LLP opposed the Union's motion, asserting that the HAA applied
"in state court only."  ECF No. 28 at 8 n.2, 17-18.  Although the
district court acknowledged that the standards for vacatur under
the FAA and HAA are similar (ECF No. 36 at 8 n.4), the district
court reviewed TNT LLP's motion under standards of the FAA.  ECF
No. 36 at 7-9.

23, 658A-25.  Here, TNT LLP removed this action from state court and filed its motion to vacate in federal court, invoking federal jurisdiction pursuant to Section 301 of the LMRA.  See ECF No. 1 ¶ 6.  Section 301 of the LMRA does not provide for an award of attorneys' fees.  See Hawaii Nurses' Ass'n v. Queen's Medical Center, Civil No. 09-00235 SOM-LEK, 2010 WL 157479, at *2 (D. Haw. Jan. 15, 2010).  TNT LLP's arguments that state law should govern whether attorneys' fees may be awarded in these circumstances are unpersuasive.  ECF No. 49 at 3-8.  Although the Ninth Circuit has held that state law governs whether a party is entitled to attorney's fees in a diversity case, this action is based on federal question jurisdiction.  See Lagstein, v. Certain Underwriters at Lloyd's of London, 725 F.3d 1050, 1055 n.3, 1056-57 (9th Cir. 2013) (holding that in a Federal Arbitration Act case, state law would govern the question of attorneys' fees where the court's jurisdiction is based on diversity).  TNT LLP provides no authority to support its argument that a state statute should apply to award attorneys' fees in an action based on federal question jurisdiction to vacate an arbitration decision under the FAA.  See Kaanapali Golf Mgmt., Inc. v. Int'l Longshore and Warehouse Union, Local 142, No. 05-00672 SOM KSC, 2006 WL 1520024, at *3 (D. Haw. May 30, 2006) (declining to apply state law in considering whether to award attorneys' fees in an action seeking confirmation of an award brought pursuant to the FAA).  The Court FINDS and RECOMMENDS that the district court

4

DENY TNT LLP's request for attorneys' fees under Hawaii Revised
Statutes Section 658A-25.

### 2. Bad Faith

Second, TNT LLP requests that the Court award
attorneys' fees pursuant to the court's inherent powers and the
bad faith exception to the LMRA.  Although the LMRA does not
authorize attorneys' fees for a violation of Section 301, a court
may award fees if it finds that a party acted in "bad faith,
vexatiously, wantonly or for oppressive reason." Roy Allen
Slurry Seal v. Laborers Int'l Union of N. Am. Highway and Street
Stripers/Road and Street Slurry Local Union 1184, AFL-CIO, 241
F.3d 1142, 1148 (9th Cir. 2001) ("the claim for attorney's fees
under the LMRA should be examined under a bad faith standard")
(citing Wellman v. Writers Guild of America, West, Inc., 146 F.3d
666, 674 (9th Cir. 1998))).  The Ninth Circuit requires an
explicit finding of bad faith. Fink v. Gomez, 239 F.3d 989, 992
(9th Cir. 2001).  This means that a court must specifically find
bad faith or conduct tantamount to bad faith. Id. at 994.  A
finding of bad faith can be based on "a variety of types of
willful actions, including recklessness when combined with an
additional factor such as frivolousness, harassment, or an
improper purpose." Id.

In its November Order, the district court did not find
or otherwise state that the Union's legal arguments were

5

frivolous or that the Union's actions were vexatious.  Although the district court ultimately determined that the arbitration hearing was not fundamentally fair because TNT LLP did not receive notice of the February 22 hearing, the district court did not find that the Union acted with an improper purpose.  In finding that TNT LLP did not receive notice of the arbitration hearing, the district court noted that the Union made attempts to notify TNT LLP during other stages of the grievance and arbitration process.  <u>See</u> ECF No. 36 at 4-6, 10-13.  The district court rejected the Union's arguments regarding alter ego, but did not find that those arguments were frivolous.  <u>Id.</u> at 13-16. Although the Union's arguments against vacatur were determined to be without merit, there is no evidence that they were made for vexatious or oppressive reasons.  Based on the record before the Court, it does not appear that the Union's pursued arbitration against TNT LLP in bad faith.  Accordingly, the Court RECOMMENDS that TNT LLP's request that the Court award attorneys' fees pursuant to the court's inherent powers and the bad faith exception to the LMRA be DENIED.

### B. Costs

TNT LLP requests $780.20 for copying costs and court fees.  ECF No. 39-1.  Rule 54(d)(1) provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court declines to stay the taxation of costs as requested by

the Union and rejects the Union's objections to the requested court fees for removal. <u>See</u> 28 U.S.C. § 1920(1). The Court finds that the costs to obtain copies of two state court filings are not recoverable and deducts $91.00 from the costs requested. Under Local Rule 54.2(f)(4), the costs of copies obtained for the use of the party seeking recovery are not taxable. The Court RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiffs' Bill of Costs and AWARD $689.20 in costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY TNT Plastering & Stucco, LLP's Motion for Attorneys' Fees and GRANT IN PART AND DENY IN PART TNT Plastering & Stucco, LLP's Bill of Costs and AWARD TNT Plastering & Stucco, LLP $689.20 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 14, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**INT'L UNION OF PAINTERS AND ALLIED TRADES DRYWALL TAPERS, FINISHERS & ALLIED WORKERS, LOCAL UNION 1944 V. TNT PLASTERING & STUCCO, LLP; CIVIL NO. 13-00238 DKW-RLP; FINDINGS AND RECOMMENDATION TO DENY TNT PLASTERING & STUCCO, LLP'S MOTION FOR ATTORNEYS' FEES AND GRANT IN PART AND DENY IN PART TNT PLASTERING & STUCCO, LLP'S BILL OF COSTS**