IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DRYWALL TAPERS, FINISHERS & ALLIED WORKERS, LOCAL UNION 1944,<br><br>           Plaintiff,<br><br>     vs.<br><br>TNT PLASTERING & STUCCO, LLP (2012-024)<br><br><br>           Defendant. | CIVIL NO. 13-00238 DKW-RLP<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY TNT PLASTERING & STUCCO, LLP'S MOTION FOR ATTORNEYS' FEES AND GRANT IN PART AND DENY IN PART TNT PLASTERING & STUCCO, LLP'S BILL OF COSTS, AND OVERRULING TNT PLASTERING & STUCCO, LLP'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY TNT PLASTERING & STUCCO, LLP'S MOTION FOR ATTORNEYS' FEES AND GRANT IN PART AND DENY IN PART TNT PLASTERING & STUCCO, LLP'S BILL OF COSTS, AND OVERRULING TNT PLASTERING & STUCCO, LLP'S <u>OBJECTIONS TO FINDINGS AND RECOMMENDATION</u>**

**<u>INTRODUCTION</u>**

Defendant TNT Plastering & Stucco, LLP ("TNT LLP") objects to a

portion of the Magistrate Judge's February 14, 2014 Findings and Recommendation,

1

denying TNT LLP's motion for attorneys' fees. Because the Magistrate Judge properly found that TNT LLP was not entitled to attorneys' fees under the bad faith exception to the Labor Management Relations Act, the Court ADOPTS the Findings and Recommendation and overrules TNT LLP's objections.

## BACKGROUND

On November 23, 2013, this Court granted TNT LLP's Motion to Vacate Arbitration Decision and Award and denied Plaintiff International Union of Painters and Allied Trades, Drywall Tapers, Finishers & Allied Workers, Local Union 1944's (the "Union") Motion to Confirm and Enforce Arbitration Decision and Award. The Court concluded that: (1) the Joint Industrial Committee ("JIC") and the Union failed to provide TNT LLP with notice of the arbitration hearing; and (2) the JIC exceeded its jurisdiction and powers when it found that TNT LLP was an "alter ego" of TNT Inc. and thereby a party to the relevant labor agreements.

Thereafter, TNT LLP filed a Motion for Attorneys' Fees and Bill of Costs ("Motion"), seeking fees on two alternative bases: (1) Hawaii Revised Statutes Section 658A-25; and (2) pursuant to the Court's inherent powers and the bad faith exception to the Labor Management Relations Act ("LMRA"). The Magistrate Judge recommended that the Motion be denied, and that the Bill of Costs be granted in part and denied in part, awarding TNT LLP $689.20 in costs.

TNT LLP now objects to the Magistrate Judge's Findings and Recommendation only to the extent that it recommends denying fees pursuant to the Court's inherent powers and the LMRA's bad faith exception. TNT asks the Court to reject these findings or to recommit the matter to the Magistrate Judge with instructions to make findings with respect to whether the Union acted in bad faith by pursuing the underlying arbitration and the instant action before adjudication of whether TNT LLP was the alter ego of TNT Inc.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also*

*United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## **DISCUSSION**

Under the "American Rule," the prevailing party generally cannot recover its attorneys' fees "unless an independent basis exists for the award." *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002) (citation omitted). The United States Supreme Court has noted that the exceptions to the American Rule include: (1) a statutory basis; (2) an enforceable contract; (3) a willful violation of a court order; (4) a bad faith action; and (5) litigation creating a common fund for the benefit of others. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257-59 (1975). "These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations, unless forbidden by Congress[.]" *Id*. at 259.

TNT LLP seeks fees under the LMRA's bad faith exception. As the Magistrate Judge noted -

> [a]lthough the LMRA does not authorize attorneys' fees for a violation of Section 301, a court may award fees if it finds that a party acted in "bad faith, vexatiously, wantonly or for oppressive reason." *Roy Allen Slurry Seal v. Laborers Int'l Union of N. Am. Highway and Street Stripers/Road and Street Slurry Local Union 1184, AFL-CIO*, 241 F.3d 1142, 1148 (9th Cir. 2001) ("the claim for attorney's fees under the LMRA should be examined under a bad faith standard") (citing *Wellman v. Writers Guild of America, West, Inc.*, 146 F.3d 666, 674 (9th Cir. 1998))). The Ninth Circuit requires an explicit finding of bad faith. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). This means that a court must specifically find bad faith or conduct tantamount to bad faith. *Id*. at 994. A finding of bad faith can be based on "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*

Findings & Recommendation at 5; *see also Zeman v. Office & Prof'l Employees Int'l Union, Local 35*, 91 F.Supp.2d 1247, 1249 (E.D. Wis. 2000) ("Section 301 . . . does not authorize the award of attorney fees[.]").

A court also has the inherent power to assess attorneys' fees against counsel for abuse of the judicial process or other bad faith conduct during the course of litigation. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *see also Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (a district court may award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons"). "'[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in

5

the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973). A party may demonstrate bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order." *Primus Auto*, 115 F.3d at 649. In addition, a court may assess attorneys' fees when the litigation is perceived to have been brought in bad faith to harass or vex a party. *Sheetmetal Workers Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Arizona*, 84 F.3d 1186 (9th Cir. 1996).

TNT LLP argues that the Magistrate Judge (1) erroneously concluded that, because there was no explicit finding of bath faith in the Court's November 23, 2013 Order, there was therefore no "bad faith"; and (2) did not properly consider that the Union pursued an action against TNT LLP when the Union knew that it had to first get a ruling from the Court regarding TNT LLP's alter ego status. The Court disagrees.

First, the Magistrate Judge did not limit his analysis to the lack of an explicit finding of bad faith in the Court's November 23, 2013 Order. As an initial matter, the Magistrate Judge correctly noted that "the district court did not find that the Union acted with an improper purpose" and "did not find that those arguments [relating to alter ego] were frivolous." Findings & Recommendation at 6. Rather than limit his analysis to the absence of such express findings, the Magistrate Judge also reviewed the record and independently found that:

> Although the Union's arguments against vacatur were determined to be without merit, there is no evidence that they were made for vexatious or oppressive reasons. Based on the record before the Court, it does not appear that the Union pursued arbitration against TNT LLP in bad faith.

Findings & Recommendation at 6. In other words, the Magistrate Judge appropriately made his own express finding of no bad faith on the part of the Union, based on his review of the record, and did not rely solely on the absence of such a conclusion by this Court.

Further, this Court agrees that the evidence of bad faith or improper purpose by the Union is lacking. TNT LLP argues that "the interests of justice require that TNT LLP be awarded its attorneys' fees because the Union improperly pursued TNT LLP even though it **knew** that it had to get a court to decide the alter ego issue **before** pursuing arbitration and confirmation of an arbitration award against TNT LLP." TNT LLP's Reply to Response at 1. To the contrary, the Union argued before the district court that it was *not* required to get a ruling from a court on the alter ego issue before proceeding with arbitration. *See* Union Mem. in Opp. to Mot. to Vacate at 24-26. In the alternative, the Union argued before the district court that "the parties did submit to the grievance and arbitration process [the] question of a signatory and nonsignatory jointly performing tapering work outside the contract." *Id.* at 26. Although the Court ultimately agreed with TNT

7

LLP that the JIC did not have the authority to determine that TNT LLP was the alter ego of TNT Inc., the Court is not persuaded that the Union was motivated by an improper purpose. Despite TNT LLP's insistence, there is simply no compelling evidence that the Union initiated arbitration or conducted the litigation against TNT LLP in bad faith, vexatiously, wantonly, or for oppressive reasons. Accordingly, neither the LMRA's bad faith exception nor the Court's inherent powers require the imposition of attorneys' fees in this matter, and the Court declines to do so.

## CONCLUSION

On the basis of the foregoing, and after careful *de novo* review and consideration of the Findings and Recommendation and record in this matter, the Court hereby OVERRULES TNT LLP's Objections and ADOPTS the Magistrate Judge's February 14, 2014 Findings and Recommendation to Deny TNT Plastering & Stucco LLP's Motion for Attorneys' Fees and Grant in Part and Deny in Part TNT Plastering & Stucco LLP's Bill of Costs.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAIʻI, March 31, 2014.



Derrick K. Watson
United States District Judge